**UNITED STATES of America,**
**Appellee,**

v.

**Mortimer STERN, a/k/a Morton Stern,**
**Defendant-Appellant.**

**No. 220, Docket 33651.**

United States Court of Appeals
Second Circuit.

Argued Oct. 29, 1969.

Decided Oct. 29, 1969.

Thomas J. Fitzpatrick, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, and Jack Kaplan, Asst. U. S. Atty., on the brief), for appellee.

Irving Rader, New York City (Murray E. Gottesman, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and MEDINA and FEINBERG, Circuit Judges.

PER CURIAM:

We affirm in open court the conviction of Mortimer Stern for signing a false statement while a revenue agent, 26 U.S.C. § 7214(a) (7) (1964), for knowingly filing a false tax return, 26 U.S.C. § 7206(1) (1964), and for divulging without authorization information that came to him in the course of his official duties, 18 U.S.C. § 1905 (1964).

The only substantial point raised on this appeal revolves around the construction of 26 U.S.C. § 7214(a) (7) (1964), a provision which to our knowledge has never received judicial attention. Upon coming under suspicion of misbehavior in the performance of his official duties as a revenue officer, Stern was asked by the Inspection Section of the Service to submit a financial statement showing his and his wife's assets, income, and liabilities. Stern concedes that there was sufficient evidence before the jury to support their finding that he filed a fraudulent statement. He claims, however, that as a matter of law § 7214 (a) (7) does not reach this sort of conduct.

Generally, this section makes criminal certain acts when performed by revenue officers.[1] Stern argues that the section, and, more specifically, (a) (7)

---

1. § 7214

(a) *Unlawful acts of revenue officers or agents.*—Any officer or employee of the United States acting in connection with any revenue law of the United States—

\* \* \* \* \*

(7) who makes or signs any fraudulent entry in any book, or makes or signs any

fraudulent certificate, return, or statement;

\* \* \* \* \*

shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. \* \* \*

under which he was convicted, is operative only when the noted acts are committed by the revenue officer in the performance of his duties. Since he made the false statement of personal worth in connection with a personal investigation of him by the Service, albeit at a time when he was a revenue officer, he argues that the provision is inapplicable. Stern relies principally on the preamble to section 7214, which states "Any officer or employee of the United States acting in connection with any revenue law of the United States \* \* \*." He would have us read "acting in connection with" as meaning acts committed in the course of his duties as an agent. We disagree. The preamble merely designates generally which Government employees are under the section, and it is conceded that Stern was still a revenue officer when he made the false statements at issue.

Our construction of the section is strengthened by several factors. First, several subsections are specifically limited to acts committed by the offender in the course of performing his official duties. This language would be redundant if we were to accept defendant's limiting reading of the preamble.

Second, we cannot find the omission of "performance of duty" language from (a) (7) to be merely fortuitous. Section 7214(a) is largely derived from section 4047 of the 1939 Code, with nine of the ten subdivisions carried over into the 1954 Code. Six subdivisions that did not have performance of duty language under the 1939 Code did not have it in the 1954 Code; three subdivisions kept the performance of duty language. The subdivision involved here, however, which did have performance of duty language under section 4047(e), does not have it in the 1954 Code. Although no explanation for the change is given in the legislative history, it seems clear that the omission was intentional and therefore we must give it effect.

Section 7214 imposes sanctions on revenue agents for departures from the high standards of conduct demanded of those holding that office. Quite realistically, some of these derelictions may be committed outside the performance of the officer's official duties. See United States v. Waldin, 253 F.2d 551, 553 (3rd Cir.), cert. denied, 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147 (1958). Thus it is sufficient that the offending acts are committed while the offender is a revenue agent, as was Stern here.

The conviction is affirmed.